UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN P. FOREMAN,
    Plaintiff,

vs.

MICHAEL T. MADDALONI,
    Defendant.

FILED - LN
August 10, 2022 3:33 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: eod /   SCANNED BY: 9CO 8\10

1:22-cv-725
Robert J. Jonker
U.S. District Judge

Case No:_____
(To be supplied by the Clerk of this Court)

CHECK ONE ONLY:

____ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code (state, county, or municipal defendants)

____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code (federal defendants)

X    Federal Question, Title 28 U.S.C. 1331; Supplemental Jurisdiction, Title 28 U.S.C. 1367 (a); and Declaratory Judgment, Title 28 U.S.C. 2201 (a)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

-1-

I. **Plaintiff(s):**

   A. Name: Benjamin P. Foreman

   B. List all aliases: None

   C. Prisoner identification number: None

   D. Place of present confinement: Released on 08/10/2020

   E. Address: 716 Edgemont Blvd.; Lansing, MI. 48917

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
    (In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

   A. Defendant: Michael T. Maddaloni

      Title: Licensed Attorney

      Place of Employment: 4251 W. Saginaw Hwy.; Lansing, MI. 48917-2111

   B. Defendant: _____

      Title: _____

      Place of Employment: _____

   C. Defendant: _____

      Title: _____

      Place of Employment: _____

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Foreman v. Admin. Off. of the Cts., Case No. 2016 U.S. Dist. LEXIS 90670 (W.D. Mich., July 13, 2016)

B. Approximate date of filing lawsuit: In 2016

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: None

D. List all defendants: Administrative Office of the Courts

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Western District of Michigan

F. Name of judge to whom case was assigned: Judge Robert H. Bell

G. Basic claim made: Negligence by Probation Officer Trowbridge and excessive imprisonment and seeks expunction of the PSR

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Summarily Dismissed under Heck

I. Approximate date of disposition: July 13, 2016

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

## IV. Statement of Claim:

### CLAIM NUMBER ONE:

Plaintiff Foreman, asserts that in 2006, Defendant Maddaloni provided him with legal malpractice while representing him in federal court, thus, previously being barred by **Heck** may now lodge federal civil suit action consistent with the U.S. Supreme Court's Ruling in **Spencer v. Kemna,** 523 U.S. 1 (1998), and **Ruff v. Runyon,** 258 F.3d 498 (6th Cir. 2001) ?

### Basis of Claim One:

The elements of a legal malpractice claim are: "(1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was the proximate cause of an injury; and (4) the fact and extent of the injury alleged." **Manzo v. Petrella & Petrella & Assoc., P.C.,** 261 Mich. App. 705, 712; 683 N.W.2d 699 (2004).

(1) the existence of an attorney-client relationship;

Plaintiff Foreman, asserts that on April 6, 2006, his mother Annie C. Foreman paid in full $5,000.00 to Defendant Michael T. Maddaloni to represent Benjamin P. Foreman in federal court within the Western District of Michigan in the criminal cause of action in USA v. Foreman, Case No. 1:06-cr-30-01, see Exhibit A (A copy of Receipt dated April 6, 2006); and Exhibit

4 | Page

B (A copy of Foreman's Docket Sheet at pages 1-5), thus, the existence of attorney-client relationship existed in which establishes prong number one of the required four-part test consistent with Michigan law.

(2) negligence in the legal representation of the plaintiff;

On April 6, 2006, Defendant Maddaloni begin representing Plaintiff Foreman in federal court in the criminal cause of USA v. Foreman, Case No. 1:06-cr-30-01, within the Western District of Michigan. During Plaintiff Foreman's plea stage although he repeatedly requested that Defendant Maddaloni come up and prepare his U.S. Sentencing Guidelines and review the evidence as it relates to the elements of his case prior to him pleading guilty on May 16, 2006, however, Defendant Maddaloni failed to do so contrary to Sixth Circuit precedents. See **Smith v. United States,** 348 F.3d 545, 553 (6th Cir. 2003) (A criminal defendant has a right to expect at least that his attorney will review the charges with him explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available. In a system dominated by sentencing guidelines, we do not see how sentence exposure can be fully

explained without completely exploring the ranges of penalties under likely guidelines scenarios, given the information available to the defendant and his lawyer at the time. See **United States v. Day,** 969 F.2d 39, 43 (3d Cir. 1992) (observing that "the Sentencing Guidelines have become a critical, and in many cases, dominant faces of federal criminal proceedings" such that "familiarity with the structure and basic content of the Guidelines (including the definition and implications of career offender status) has become a necessity for counsel who seek to give effective representation."). The criminal defendant has a right to this information, just as he is entitled to the benefit of his attorney's superior experience and training in the criminal law.). Plaintiff Foreman, submits as Exhibit C, several attorney-client Letters in which prove that Defendant Maddaloni did not prepare Plaintiff Foreman's U.S. Sentencing Guidelines and review charges and elements with him prior to advising him to plead guilty on May 16, 2006, and Plaintiff Foreman also presents, Exhibit D, Newago County Jail Visitation Log-In Sheets in which clearly prove that Defendant Maddaloni failed to come visit Plaintiff Foreman and prepare his U.S. Sentencing Guidelines and review charges and elements in the case at bar. See Exhibit C (A copy of Attorney-Client Letters from Michael T. Maddaloni to Benjamin P. Foreman); and Exhibit D (A copy of Newaygo County

Jail Visitation Log-In Sheets in which were released after an Appeal on October 24, 2015) (emphasis added).

During the sentencing phase of Plaintiff Foreman's federal proceedings, thus, Defendant Maddaloni failed to object to the Presentence Investigation Report as Probation Officer Mark Trowbridge, Sr. relied upon non-Shepard documents that being state presentence investigation reports to establish whether the state crimes 1993 Great Bodily Harm and 2003 Delivery qualified as predicate offenses for Chapter Four Career Offender enhancement "crime of violence" and "controlled substance offense," see **United States v. Wynn,** 579 F.3d 567, 575-77 (6th Cir. 2009) (The Sixth Circuit held that **Shepard** and **Taylor** forbid relying on a PSR because "evidence of a [prior] conviction [must] be confined to records of the convicting court," and "a PSR prepared for a federal district-court sentencing can never be a record of a convicting state court.). Under controlling Sixth Circuit precedents an PSR Objection would have been meritorious and the Government would have had to prove the state prior conviction applied by the preponderance of the evidence during his Sentencing Hearing instead of the sentencing court adopted the Presentence Investigation Report and automatically setting the Guideline Range at 262-327 months of imprisonment. An PSR Objection should have been made to the Chapter Four Career

Offender Designation on the ground that as the result of a plea was entered but sentencing yet imposed under USSG 4A1.2 (a) (4), and was Plaintiff Foreman was not sentenced prior to his federal sentencing hearing on September 7, 2006. See **United States v. Ticchiarelli,** 171 F.3d 24, 35-36 (1st Cir. 1999) (The First Circuit held that employing a legal analysis as to USSG 4A1.2 (a) (4) and USSG 4A1.2 (a) (1), thus, held that: "Section 4A1.2 (a) (1) says that "the term prior sentence means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." The phrase at issue here is "any sentence previously imposed." There is no dispute that a "prior sentence" (or a conviction pending sentencing, which is treated as a prior sentence under U.S.S.G. 4A1.2 (a) (4) must have been imposed at some point before the sentencing at issue. VACATED and REMANDED for resentencing hearing.).

During the sentencing hearing Defendant Maddaloni was unprepared, failed to file the Sentencing Memorandum in which was prepared, and failed to put forth a professional presentation as Judge Bell announced upon the record as follows:

**The Court:** Oh, you were talking about defying logic and going on with your opinion, and I'm sorry to jump on you, but I'm not hearing a professional presentation here. I'm troubled.

See Exhibit E (A copy of Foreman's Sentencing Transcripts at page 1 and page 11, before the Honorable Robert H. Bell, dated 09-7-06).

Plaintiff Foreman, asserts that Defendant Maddaloni was speaking with the Ingham County Prosecutor's Office in regard to the pending Delivery charge in which Foreman had plead guilty to in February of 2003, however, yet to be sentenced, thus, although he reached an Agreement with Ingham County Prosecutor's Office to dismiss the Delivery charge against Plaintiff Foreman but he failed to ensure that his Guilty Plea was withdrawn before the Delivery charge was dismissed and based upon Defendant Maddaloni's negligence the federal courts were able to continue to utilize the Delivery charge even after it was dismissed to enhance his federal sentence under Chapter Four Career Offender Designation pursuant to USSG 4B1.1, in which increased Foreman's federal sentence by an extra 10 years of federal imprisonment.

Thus, Plaintiff Foreman, states that such facts and circumstances demonstrate negligence in the legal representation of Benjamin P. Foreman establishing prong two under Michigan law.

(3) that the negligence was the proximate cause of an injury;

Plaintiff Foreman, asserts that Defendant Maddaloni's negligence was the proximate cause of his injury by being forced to spend a **14 years and 7 months of federal**

**imprisonment instead of serving his authorized federal sentence of 9 years and 4 months** absent Defendant Maddaloni's negligent conduct in which was the proximate cause of Plaintiff Foreman's injury establishing the third prong under Michigan law.

(4) the fact and extent of the injury alleged;

Plaintiff Foreman, states that the fact of the injury alleged herein is all the result of Defendant Michael T. Maddaloni's negligent conduct and the extent of such injury resulted in Benjamin P. Foreman being incarcerated in federal prison for an extra **five years and three months** of unauthorized federal imprisonment absent such legal malpractice violation by Defendant Maddaloni, thus, Plaintiff Foreman's injury were produced by defendant's negligent conduct in the matter herein. See **Haliw v. City of Sterling Heights,** 464 Mich. 297, 310, 627 N.W.2d 581 (2001) (emphasis added).

## Claim Number Two:

Plaintiff Foreman, seeks a Declaratory Judgment, thus, declaring that Defendant Michael T. Maddaloni provided him with legal malpractice while representing him in 2006, during the plea stage and during the sentencing phase of his federal proceedings in federal court in which caused Plaintiff Benjamin P. Foreman's injury spending 5 years and three months of

unauthorized federal imprisonment.

Plaintiff Foreman, asserts that he incorporates by reference all the facts and exhibits from Claim Number One, into Claim Two, thus, consistent with the Declaratory Judgment Act Mr. Foreman, respectfully request that a Declaratory Judgment issues in which declares Benjamin P. Foreman's legal rights as follows:

Defendant Maddaloni provided Benjamin P. Foreman with legal malpractice while representing Plaintiff Foreman in 2006, during the plea stage and during the sentencing phase of his proceeding in federal court in which caused Plaintiff Foreman injury spending extra 5 years and three months of unauthorized federal imprisonment.

## RELIEF:

**WHEREFORE,** Plaintiff Benjamin P. Foreman, respectfully request that this Honorable Court schedule this civil suit action for Jury Trial as to Defendant Maddaloni as to Claim One or alternatively issue an Declaratory Judgment as to Claim Two. Plaintiff Foreman, respectfully request that he is awarded Compensatory Damages as to Claim One in the sum of $10 million dollars; Nominal Damages in the sum of $500,000; and Punitive Damages in the sum of $2.5 million dollars. Plaintiff Foreman, PRAYS that any of the Relief Sought is **GRANTED** by this Honorable Court in the matter herein.

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___August___ day of ___10th___, 2022.

x *Benjamin P. Foreman*

Mr. Benjamin P. Foreman

716 Edgemont Blvd.

Lansing, MI. 48917

(517) 455-6305